# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-50590
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ADELINA NUNEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-168-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Adelina Nunez appeals her guilty-plea conviction and sentence for aiding and abetting the possession with intent to distribute of 500 grams or more of cocaine. Nunez argues that the district court erred in denying her motion to suppress. She did not, however, preserve her right to appeal this adverse ruling by entering a conditional guilty plea. See United States v. Stevens, 487 F.3d 232,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

238 (5th Cir.), cert. denied, 128 S. Ct. 336 (2007); FED. R. CRIM. P. 11(a)(2); cf. United States v. Santiago, 410 F.3d 193, 197-98 (5th Cir. 2005).

Nunez asserts that the district court erred by denying her relief under the safety valve. Under U.S.S.G. § 5C1.2(a)(5), Nunez must establish that she "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct." Nunez cannot establish that the district court clearly erred in determining that she failed to meet this requirement. See United States v. Treft, 447 F.3d 421, 426-27 (5th Cir.), cert. denied, 127 S. Ct. 555 (2006).

Nunez also maintains that the district court erred in denying her a four-level reduction pursuant to U.S.S.G. § 3B1.2 for her minimal role in the offense. Nunez did receive a two-level reduction for a minor role. Nunez cannot establish that she is entitled to relief on this ground; even if the district court erred in denying the motion, the record establishes that the district court would have imposed the same sentence. See United States v. Rogers, 126 F.3d 655, 661 (5th Cir. 1997); United States v. Tello, 9 F.3d 1119, 1131 (5th Cir. 1993). Nunez's conviction and sentence are thus AFFIRMED.